UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF KATRINA ZANEA LEE YATES, et al.,

Plaintiffs,

v.

COUNTY OF SACRAMENTO, et al.,

Defendants.

No. 2:26-cv-02305-DC-CSK

ORDER GRANTING MOTION OF HAVEN KEY JR. FOR APPOINTMENT AS GUARDIAN *AD LITEM* FOR MINOR PLAINTIFF H.K.

(Doc. No. 4)

This matter is before the court on the motion of non-party Haven Key Jr. for appointment as guardian *ad litem* of his biological son, minor Plaintiff H.K. (Doc. No. 4.) No opposition to the pending motion has been filed. For the reasons explained below, the court will grant the pending motion and appoint Haven Key Jr. as Plaintiff H.K.'s guardian *ad litem*.

Under Rule 17 of the Federal Rules of Civil Procedure, "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian *ad litem*." "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). A representative of a minor or incompetent person may sue or defend on behalf of the minor or incompetent person. Fed. R. Civ. P. 17(c).

The appointment of the guardian *ad litem* is more than a mere formality. *United States v.*

*30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *Id*. The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

In this district, Local Rule 202(a) further provides, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian *ad litem* by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.

L.R. 202(a) (citing Fed. R. Civ. P. 17(c)). Local Rule 202 also requires disclosure of the attorney's interest, specifically requiring the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

L.R. 202(c).

The decision to appoint a guardian *ad litem* "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

The proposed guardian *ad litem*, Haven Key Jr., is the biological father of Plaintiff H.K. (Doc. No. 4 at 3.) In the declaration filed with the pending motion, Haven Key Jr. declares he has

no foreseeable interests adverse to H.K. (*Id.* at 7.) Based on those representations, the court finds Haven Key Jr. to be an appropriate guardian *ad litem* for Plaintiff H.K., and the requirements of Local Rule 202(a) have been satisfied.

The motion also meets the requirements of Local Rule 202(c). In the pending motion, Plaintiffs' counsel states that she entered into a contingency fee arrangement on July 24, 2025, with Haven Key Jr. (*Id.* at 5.) Plaintiffs' counsel also states she did not become involved in this case at the instance of any party against whom the causes of action are asserted, and she has no prior relationship or connection whatsoever with any Defendant in this lawsuit. (*Id.*) Further, Plaintiffs' counsel states she has not received any compensation for her representation of Plaintiffs but expects to receive compensation if there is a settlement or verdict. (*Id.*) Specifically, the contingency fee arrangement between Plaintiffs' counsel and Haven Key Jr. provides that Plaintiffs' counsel will receive 33.33% of a settlement or judgment reached prior to the filing or a lawsuit; 40% of a settlement or judgment if the case resolves after pre-suit mediation or after the case is filed in court; or 45% if it resolves after one year of litigation. (*Id.*) Plaintiffs' counsel acknowledges that her contingency fee is above the 25% benchmark that courts in the Eastern District of California typically award for attorneys' fees in contingency cases involving minors. *See Robles v. Riano,* No. 2:22-cv-00085-DC-SCR, 2026 WL 622187, at *4 (E.D. Cal. Mar. 5, 2026) ("In the Eastern District of California, attorneys' fees amounting to 25% of the total recovery is considered the benchmark for cases involving minors.") However, the Court need not address the issue of the reasonableness of attorneys' fees at this time. *J.A. v. Cnty. of Madera*, No. 121-cv-00252-EPG, 2021 WL 826219, at *3 (E.D. Cal. Mar. 4, 2021) (stating that "the Court need not resolve the issue of the reasonableness of any attorneys' fees" in an order appointing a guardian *ad litem*).

/////

/////

/////

/////

/////

Accordingly:

1. The motion for the appointment of Haven Key Jr.as guardian *ad litem* for minor Plaintiff H.K. (Doc. No. 4) is GRANTED; and

2. Haven Key Jr.is appointed guardian *ad litem* for minor Plaintiff H.K. and is authorized to prosecute the action on his behalf.

IT IS SO ORDERED.

Dated: **October 27, 2026**

Dena Coggins
United States District Judge